FILED
DAVENPORT, IOWA
02 JUN 20 AM 9:
CLERK U.S. DISTRICT CO
SOUTHERN DISTRICT OF I

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | | |
|---|---|---|
| NORTHWEST BANK & TRUST COMPANY, | : | NO. 3-00-CV-90023 |
| | : | |
| Plaintiff, | : | DEFEDANTS' BRIEF IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S RESPONSE UNDER LOCAL RULE 56.1(b)(2); MOTION FOR SANCTIONS AND MOTION TO EXTEND DEADLINES |
| vs. | : | |
| FIRST ILLINOIS NATIONAL BANK and CHRISTOPHER L. BRYANT, | : | |
| Defendants. | : | |

I. PLAINTIFF'S RESPONSE SHOULD BE STRICKEN AS IT FAILS TO COMPLY WITH LOCAL RULE 56.1(b)(2), AND ACCORDINGLY, ALL OF DEFENDANTS STATEMENT OF MATERIAL FACTS SHOULD NOW BE ADMITTED.

After conceding that it initially failed to comply with S.D. IA Local Rule 56.1(b)(2) by failing to even file a response, plaintiff has now attempted to rectify its non-compliance by filing its Response. However, plaintiff's Response is woefully inadequate and does not come close to complying with S.D. IA Local Rule 56.1(b).

The subject Local Rule provides in relevant part as follows:

> A party resisting a motion for summary judgment must, within 21 days after service of the motion, serve and file contemporaneously all of the following:...
> 2. A response to the statement of material facts in which the resisting party expressly admits, denies, or qualifies each of the moving party's numbered statements of fact...

S.D. IA Local Rule 56.1(b)(2). This rule goes on to provide:

> A response to an individual statement of material fact that is not expressly admitted <u>must</u> be supported by references to those specific pages, paragraphs, or parts of the pleadings, depositions, answers to interrogatories, admissions, exhibits, and affidavits that support the resisting party's refusal to admit the statement, with citations to the appendix containing that part of the record.

152

Id at (4). (Emphasis Added).

Plaintiff's Response is a blatant violation of this rule. Nowhere in plaintiff's response is there any reference to "specific pages, paragraphs or parts" of the record that support the plaintiff's denial of any of defendants' Statement of Material Facts. All the plaintiff does is refer generally to plaintiff's 54 page Statement of Material Facts previously filed, and to plaintiff's 1330 page Appendix previously filed. There is not one single citation to anything specific, nor one single citation to a particular page of the Appendix. See King v. Sioux City Radiological Group, 985 F.Supp. 869 (N.D. Iowa 1997). ("It is the parties' not the Court's job, to identify and state the basis for disputes of fact so the Court can then determine whether the dispute is indeed a genuine issue of material fact."). For this reason, plaintiff's Response should be stricken. See Kallich v. North IA Anesthesia Assoc. P.C., 179 F.Supp 2d 1043 (N.D. Iowa 2002) (Court may strike resistance to summary judgment motion for nonconformity with local rules and grant summary judgment for moving party); S.D. IA Local Rule 1.1(f) (Sanction for failing to comply with local rules include striking of pleadings or other papers).

Plaintiff's failure to properly respond to defendants' Statement of Material Facts is addressed at S.D. IA Local Rule 56.1(b)(4) as well:

> The failure to respond to an individual statement of material
> fact constitutes an admission of that fact.

Id. Accordingly, all of defendants' Statement of Material facts should now be deemed admitted pursuant to this rule.

2

In short, Plaintiff's repeated failure to comply with this Court's local rules should not be condoned[1]. In accordance with S.D. IA Local Rule 56.1(b)(4), all of defendants Statement of Material Facts should now be admitted. In addition, plaintiff should be ordered to pay defendants attorney fees incurred in responding to and moving to strike plaintiff's Response and Statement of Material Facts. See S.D. IA Local rule 1.1(f) (failure to comply with local rule may result in sanctions, including imposition of attorney fees).

HANSON, BJORK & RUSSELL, L.L.P.

By: _____
Thomas D. Hanson   PK0002108

By: _____
Fred E. Beaver   PK0000219
1300 Des Moines Building
405 – Sixth Avenue
Des Moines, IA  50309-2413
Telephone: (515)244-0177
Telefax: (515)244-8258
ATTORNEYS FOR DEFENDANTS

Original filed.

Copy to:

Hayward L. Draper
Don Muyskens
Joan Fletcher
Nyemaster, Goode, Voigts, West,
 Hansell & O'Brien, P.C.
700 Walnut Street, Suite 1600
Des Moines, Iowa 50309-3899
ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**
The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on _____June 18_____, 20_02_.
By:  ☒ U.S. Mail          ☐ FAX
     ☐ Hand Delivered     ☐ Overnight Courier
     ☐ Certified Mail     ☐ Other:
Signature _Shirley Moon_

---

[1] This is far from the first time plaintiff has disregarded the local rules of this district. For example, in just the last nine months, plaintiff has failed to comply with Local Rule 7.1(d) (See Defendants' Brief in Support of Resistance to Plaintiff's Motion to Clarify, filed October 9, 2001), Local Rule 15.1(Id.), Local Rule 7-1(K) (Defendants' Response to Plaintiff's Motion to Supplement Out of Time, filed October 15, 2001), Local Rule 37.1(a) (Defendants' Brief in Support of Resistance to Plaintiff's Motion to Compel, filed December 26, 2001), and Local Rule 56.1(b)(2) and (3) (See Defendants' Brief in Support of Motion to Strike, etc., filed June 14, 2002).